IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. FICKLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GERALD ROZUM, *et al*., )<br>)<br>Respondents. ) | Civil Action No. 08-1428<br>Judge Fischer<br>Magistrate Judge Bissoon |

## **ORDER**

Franklin Fickle is a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania. The instant Petition for Writ of Habeas Corpus was filed on October 9, 2008, and Petitioner filed a Brief in Support (with exhibits) on February 13, 2009 (Doc. 16). The state court record was provided to the Court on February 23, 2009. The Commonwealth filed its Response on March 9, 2009 (Doc. 20) and Exhibits in Support on March 10, 2009 (Doc. 21). Petitioner filed a Reply on March 30, 2009 (Doc. 22).

Petitioner filed a Motion for State Court Records (Doc. 26) seeking a complete copy of the trial transcript, as well as discovery in the nature of police files, investigative reports and lab reports. The Motion was denied because the entire state court record has been provided to the Court, and because Petitioner has not shown "good cause" for his request to conduct discovery. Petitioner filed an appeal (Doc. 28). The appeal has been interpreted as a Motion for Reconsideration, and was referred to the undersigned (Doc. 29).

Again, the Court does not require any further copies of the trial transcript, as a full copy of the trial transcript has been provided. Nor does Petitioner argue that he lacks a complete copy of the trial transcript. Therefore, the Motion for Reconsideration is denied in this respect.

1

As for discovery of matters not contained in the state court record, habeas petitioners are not entitled to discovery in their cases in the same fashion as civil litigants. Instead, habeas proceedings are conducted on the basis of the existing state court record, with few exceptions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Under the "good cause" standard, a district court should grant leave to conduct discovery in habeas proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Discovery in habeas proceedings, therefore, is required only where the Court is directed to some specific deficit in the state court record that causes the Court to believe that additional factual development would lead to the Court granting habeas relief.

It must be remembered that, even where discovery is permitted in a habeas proceeding, or where a habeas petitioner has himself obtained additional evidence, there is no absolute requirement that the Court supplement the state court record, or permit an evidentiary hearing. In fact, an evidentiary hearing is not appropriate in a habeas proceeding if the issues can be resolved by reference to the existing state court record. Goldblum v. Klem, 510 F.3d 204, 220 (3d Cir. 2007).

Within this legal rubric, the Court reviews Petitioner's arguments concerning additional discovery. Petitioner cites to various perceived weaknesses in the case against him, and asserts

that, if he is able to do more investigation, he may find additional support for arguments that have already been made on his behalf during state court proceedings.  "[P]etitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence."  Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994); quoting Munoz v. Keane, 777 F.Supp. 282, 287 (S.D.N.Y. 1991), aff'd, 964 F.2d 1295 (2nd Cir.1992).  Petitioner's assertion that there, in effect, "may be" more support for his arguments in various police records or investigative files is pure speculation, and does not meet his burden of setting forth specific allegations establishing that discovery would yield evidence entitling him to habeas relief.  Deputy, 19 F.3d at 1493 (affirming order denying discovery pursuant to Rule 6(a) where Petitioner did not specifically identify evidence he sought to discover).  Of course, if, during this Court's review of the Petition, it becomes apparent that the state court record is inadequate, the Court will reconsider the need for further factual development.

    IT IS HEREBY ORDERED that Petitioner's Appeal (Doc. 29), construed as a Motion for Reconsideration, is DENIED.

    IT IS FURTHER ORDERED that the parties are allowed until January 26, 2010, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

January 12, 2010                                         s/Cathy Bissoon
                                                                CATHY BISSOON
                                                                UNITED STATE MAGISTRATE JUDGE

**cc:**
FRANKLIN D. FICKLE
DQ-6959
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510